## JOSEPH S. FOYE *versus* PHILLIPS CURTIS.

If a person notified to attend at a meeting of a company in the militia, appears and answers to his name on the roll, it is too late for him to object, in excuse for disorderly conduct in the ranks, that he had not been duly enrolled.

A complaint against a soldier in the militia, for disorderly conduct, alleged that he had forfeited twenty dollars ; whereas by the statute the forfeiture is not less than five nor more than twenty dollars. *Held,* that the complaint was good.

PETITION for a certiorari to a justice of the peace. Foye was convicted before the justice, of disorderly conduct at an inspection of arms, on the first Tuesday of May, 1838, in a company of militia of which the respondent was the clerk.

The grounds of the petition were, that improper evidence was admitted to prove the limits of the company, in order to show that the petitioner lived within those limits ; that the petitioner had not been duly enrolled ; and that the rest of the company had been as disorderly as the petitioner.

The complainant (Curtis) produced before the justice the roll of the company, and it appeared that the name of *Joseph S. Foye* was entered therein ; and to show that the petitioner had been enrolled at the time when he received the notification

for inspection, and also that he had had six months' notice of his enrolment in the company, the complainant produced the roll made on the first Tuesday of May, 1837 ; and upon inspection the name of *Joseph S. Foye* could not be found, but the name of *Joseph Foye* was entered therein, and a witness testified that the name of *Joseph Foye* was intended for the same person as *Joseph S. Foye*.

*Kingsbury*, supported the petition ; and he made a further objection to the proceedings, that the complaint alleges that the petitioner has forfeited twenty dollars, whereas the statute establishes the forfeiture at not less than five nor more than twenty dollars ; and the fine actually imposed was nine dollars.

*Leland*, for the respondent.

PUTNAM J. delivered the opinion of the Court. All the objections which were offered by the petitioner seem to have been waived by his appearing and producing his arms on the day of inspection, according to the notice. If he had any substantial preliminary objection, he might have relied upon it and omitted to attend. But as he attended, and made no objection whatever to the regularity of the proceedings which had taken place, it is too late now for him to do so. By appearing upon the notice, and submitting to exhibit his arms for inspection, and answering, as it must be presumed from the evidence he did, to the name as borne on the roll, he was bound in all other respects to conform to the requisitions of the law and perform the duties required on the occasion of that company meeting. Suppose it were true that there was better evidence that could have been produced, to prove the limits of the company, yet if he is content to act as one of them, does he not submit himself accordingly ? It would be just as lawful for a party in a suit at common law to deny the jurisdiction of the court, or any other matter which might have been pleaded in abatement, after he had pleaded in bar to the action. The principle applies *à fortiori* to military proceedings. If the party has not been properly enrolled or notified, he may avail himself of the omission and justify his absence ; but if he appears and submits himself to the orders of the commander of the company, he cannot be permitted to deny that he is regularly there and liable to do duty and to be punished for

<div style="margin-left">Foye<br>
v.<br>
Curtis.</div>

disorderly conduct, notwithstanding any such objections as are now raised.

And the allegation of the petitioner, that a great many other persons of the company were as disorderly as the petitioner, only shows that they also should have been prosecuted.

It is objected that the complaint was wrong, inasmuch as it set forth that the petitioner had forfeited twenty dollars for his disorderly conduct, whereas the Revised Stat. *c.* 12, § 100, establish a fine of not less than five nor more than twenty dollars for such conduct. Now we think the complainant might allege a forfeiture of the highest sum, and recover any sum less than that and not less than the smallest sum or fine which is mentioned in the statute. So that the judgment of the justice, that the petitioner had forfeited nine dollars, was within his power and discretion.

Under these circumstances we all think that the prayer of the petitioner should not be granted.

*Petition dismissed, with costs for the respondent.*